# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>    Plaintiff,<br>vs.<br>TINA ROBERTS, TIA ROBERSON,<br>TINA ROBERSON,<br><br>    Defendants. | CASE NO. 13cv2624-WQH-JMA<br><br>ORDER |

HAYES, Judge:

    The matters before the Court are the Motion to Proceed In Forma Pauperis (ECF No. 2) and the Motion to Appoint Counsel (ECF No. 3).

## BACKGROUND

    On January 15, 2013, Plaintiff Tina Louise Roberts, proceeding pro se, initiated this action by filing a Complaint (ECF No. 1), a Motion to Proceed In Forma Pauperis (ECF No. 2), and a Motion to Appoint Counsel (ECF No. 3).

## SCREENING UNDER 28 U.S.C. § 1915(e)(2)(B)

    All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169

1  F.3d 1176, 1177 (9th Cir. 1999).  In conjunction with considering in forma pauperis
2  status, a court must dismiss a complaint sua sponte if the complaint "fails to state a
3  claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun*
4  *v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).  In addition, "[i]f the court determines at
5  anytime that it lacks subject-matter jurisdiction, the court must dismiss the action."
6  Fed. R. Civ. P. 12(h)(3).

7        The standard used to evaluate whether a complaint states a claim is a liberal one,
8  particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97,
9  97 (1976).  However, even a "liberal interpretation ... may not supply elements of the
10 claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673
11 F.2d 266, 268 (9th Cir. 1982).  "[P]ro se litigants are bound by the rules of procedure."
12 *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Federal Rule of Civil Procedure 8
13 provides that "[a] pleading that states a claim for relief must contain ... a short and plain
14 statement of the claim showing that the pleader is entitled to relief...."  Fed. R. Civ. P.
15 8(a).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief
16 requires more than labels and conclusions, and a formulaic recitation of the elements
17 of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
18 (quotation omitted).

19       Federal courts—unlike state courts—are courts of limited jurisdiction and lack
20 inherent or general subject matter jurisdiction.  Federal courts can only adjudicate those
21 cases in which the United States Constitution and Congress authorize them to
22 adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  In the
23 federal courts, subject matter jurisdiction may arise from either "federal question
24 jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392
25 (1987); *see also* 28 U.S.C. §§ 1331-32.  To invoke diversity jurisdiction, the complaint
26 must allege that "the matter in controversy exceeds the sum or value of $75,000,
27 exclusive of interest and costs, and is between ... citizens of different States ... [or]
28 citizens of a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332(a).

1  To invoke federal question jurisdiction, the complaint must allege that the "action[]
2  aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §
3  1331.
4      The Complaint contains a single paragraph of allegations, wherein Plaintiff
5  states: "I am requesting that you open up an investigation on the name Tina Roberts for
6  identity theft. My medical information has been used along with my dob and ss# and
7  my taxes have been filed." (ECF No. 1 at 2).
8      The Complaint fails to allege a basis for federal subject-matter jurisdiction. The
9  allegations of the Complaint are insufficient to put Defendants on notice of the claims
10 against them, as required by Rule 8 of the Federal Rules of Civil Procedure. The Court
11 concludes that the Complaint must be dismissed because it fails to allege a basis for
12 subject-matter jurisdiction and fails to state a claim on which relief can be granted. In
13 light of this finding, the Motion to Proceed In Forma Pauperis is denied as moot.

14 **MOTION TO APPOINT COUNSEL**

15     A district court may appoint counsel "[u]pon application by the complainant and
16 in such circumstances as the court may deem just...." 42 U.S.C. § 2000e-(5)(f)(1)(B).
17 "Three factors are relevant to a trial court's determination of whether to appoint
18 counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to
19 secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson*
20 *v. U.S. Treasury Dep't*, 27 F.3d 415, 416-17 (9th Cir. 1994) (quotation omitted).
21     In her affidavit, Plaintiff does not indicate that she has talked with any private
22 attorney about handling her claim. (ECF No. 3 at 3-4). In light of Plaintiff's failure to
23 demonstrate any efforts made to secure private counsel and the Court's dismissal of the
24 Complaint for failure to state a claim, the Court finds that the second and third factors
25 in *Johnson* weigh against appointing counsel. The Motion to Appoint Counsel is
26 denied without prejudice.

27 **CONCLUSION**

28     IT IS HEREBY ORDERED that the Motion for Proceed In Forma Pauperis is

DENIED as moot (ECF No. 2), and the Motion to Appoint Counsel (ECF No. 3) is DENIED. The Complaint is DISMISSED without prejudice. No later than THIRTY (30) DAYS from the date of this Order, Plaintiff may file an amended complaint, which shall be entitled, "First Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure and adequately allege a basis for subject-matter jurisdiction. If Plaintiff does not file a first amended complaint within thirty days, this case will remain closed without further order of the Court.

DATED: November 5, 2013

**WILLIAM Q. HAYES**
United States District Judge