# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TINA LOUISE ROBERTS, TONY LEE'VANT WRIGHT,<br><br>　　　　　Plaintiffs,<br>　vs.<br>TINA ROBERTS, TIA ROBERSON, TINA ROBERSON,<br><br>　　　　　Defendants. | CASE NO. 13cv2624-WQH-JMA<br><br>ORDER |
|---|---|

HAYES, Judge:

The matter before the Court is the initial screening of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## *BACKGROUND*

On November 5, 2013, the Court issued an Order denying Plaintiff Tina Louise Roberts' Motion to Proceed In Forma Pauperis as moot and dismissing the Complaint without prejudice on the basis that the Complaint failed to allege a basis for subject-matter jurisdiction and failed to state a claim on which relief may be granted. (ECF No. 4). The Court stated that, no later than thirty days from the date of the Order, Plaintiff may file an amended complaint which shall comply with the Federal Rules of Civil Procedure and adequately allege a basis for subject-matter jurisdiction. *See id*. at 4.

On November 5, 2013, Plaintiff filed a document entitled, "Amended Complaint," which added a second named Plaintiff, Tony Lee'Vant Wright. (ECF No. 5). The docket reflects that Plaintiffs have not made any filings after the November 5, 2013 Amended Complaint.

## *SCREENING UNDER 28 U.S.C. § 1915(e)(2)(B)*

All parties instituting any civil action, suit or proceeding in a district court of the

- 1 -    13cv2624-WQH-JMA

1  United States, except an application for writ of habeas corpus, must pay a filing fee of
2  $400. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite
3  a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to
4  proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169
5  F.3d 1176, 1177 (9th Cir. 1999). In conjunction with considering in forma pauperis
6  status, a court must dismiss a complaint sua sponte if the complaint "fails to state a
7  claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun*
8  *v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). In addition, "[i]f the court determines at
9  anytime that it lacks subject-matter jurisdiction, the court must dismiss the action."
10 Fed. R. Civ. P. 12(h)(3).

11     The standard used to evaluate whether a complaint states a claim is a liberal one,
12 particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97,
13 97 (1976). However, even a "liberal interpretation ... may not supply elements of the
14 claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673
15 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure."
16 *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8
17 provides that "[a] pleading that states a claim for relief must contain ... a short and plain
18 statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P.
19 8(a). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief
20 requires more than labels and conclusions, and a formulaic recitation of the elements
21 of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
22 (quotation omitted).

23     Federal courts—unlike state courts—are courts of limited jurisdiction and lack
24 inherent or general subject matter jurisdiction. Federal courts can only adjudicate those
25 cases in which the United States Constitution and Congress authorize them to
26 adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In the
27 federal courts, subject matter jurisdiction may arise from either "federal question
28 jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

1  (1987); *see also* 28 U.S.C. §§ 1331-32. To invoke diversity jurisdiction, the complaint
2  must allege that "the matter in controversy exceeds the sum or value of $75,000,
3  exclusive of interest and costs, and is between ... citizens of different States ... [or]
4  citizens of a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332(a).
5  To invoke federal question jurisdiction, the complaint must allege that the "action[]
6  aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §
7  1331.

8  The three-page Amended Complaint references misconduct by the "North Park
9  Police Department" and other unnamed police officers and a "County Employee P.
10 Parra," but these individuals or entities are not named as defendants. *Id*. at 1-3. The
11 Amended Complaint does not allege a cause of action, or contain allegations
12 referencing the named Defendants. The allegations of the Amended Complaint are
13 insufficient to put Defendants on notice of the claims against them, as required by Rule
14 8 of the Federal Rules of Civil Procedure. The Court concludes that the Amended
15 Complaint must be dismissed because it fails to allege a basis for subject-matter
16 jurisdiction and fails to state a claim on which relief can be granted.

*CONCLUSION*

IT IS HEREBY ORDERED that the Amended Complaint is DISMISSED without prejudice. No later than THIRTY (30) DAYS from the date of this Order, Plaintiffs may file a second amended complaint, which shall be entitled, "Second Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure and adequately allege a basis for subject-matter jurisdiction. The second amended complaint must be complete in itself and may not incorporate by reference prior complaints. If Plaintiffs do not file a second amended complaint within thirty days, this case will remain closed without further order of the Court.

DATED: January 13, 2014

**WILLIAM Q. HAYES**
United States District Judge